UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

KATHY HARRIS and JOSHUA HARRIS                                        PLAINTIFF

v.                                          CIVIL ACTION NO. 2:20-cv-38-KS-MTP

MAXIMUS, INC., d/b/a MAXIMUS FEDERAL                                  DEFENDANT

JURY TRIAL REQUESTED

**COMPLAINT**

1.

This is a suit for declaratory, monetary and equitable relief to redress both interference with statutory employment rights and retaliation for the plaintiff's lawful exercise of those rights, all in violation of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ("FMLA"), and for the torts of outrage and negligent infliction of emotional distress. Named as plaintiff is Kathy Harris and her husband Joshua Harris, who are adult residents of Petal, Forrest County, Mississippi. Plaintiff Kathy Harris brings employment discrimination claims while her husband brings loss of consortium claims.

Plaintiffs' causes of action arise out of employment discrimination by defendant against plaintiff Kathy Harris, who was employed by Maximus Federal at its location in Hattiesburg, Mississippi. The Court has jurisdiction pursuant to 29 U.S.C. § 2617; 28 U.S.C. § 1331; and 28 U.S.C. §§ 2201-2202 and other applicable law. All acts complained of by defendant against plaintiff Kathy Harris, including her termination from employment, occurred in Hattiesburg, Mississippi, and therefore venue is proper in this Court.

Named as defendant is Maximus Inc., which does business as its wholly owned subsidiary Maximus Federal. Defendant Maximus Inc. is a Virginia corporation and may

be served in Mississippi via its registered agent for service of process Corporation Service Company, 7716 Old Canton Road, Suite C, Madison MS 39110.

2.

Plaintiff Kathy Harris was employed by Maximus Federal at a call center in Hattiesburg, Mississippi. Plaintiff is a Type 1 diabetic and thus suffers a medical disability cognizable under the Americans with Disabilities Act (the "ADA") and 29 C.F.R. § 1630.2(j)(3)(iii), as well as the Family and Medical Leave Act (the "FMLA"). Plaintiff submitted a reasonable accommodation request under the ADA by her doctor to be allowed to have certain types of food at her workstation. At first defendant Maximus allowed this reasonable accommodation but later would not allow her to have the fast-acting, emergency food that she needed at her workstation. Instead, defendant arbitrarily and capriciously denied plaintiff's accommodation by allowing her some foods, but not the specific types of food that she needed in order to treat sudden drops in her blood sugar levels.

Plaintiff was eligible for and requested leave time under the FMLA which was granted by defendant. The purpose of the FMLA leave time was to allow her to leave work early or not come into work on occasions where she was unable to work due to her diabetes medical condition. However, because she was not allowed to have the right type of food at her workstation, she had to leave work more frequently and used up FMLA leave that she otherwise would not have used. Plaintiff informed her employer that denying her ADA accommodation was causing her to miss more work, but they still refused to allow the accommodation. She was allowed to have up to five episodes of FMLA leave per month, up to eight hours per episode. Because her ADA reasonable accommodation had been taken away from her, she had six episodes of FMLA leave in January 2020.

Plaintiff then asked for and was approved for a one-time extension for an additional episode, which meant that her employer specifically approved her to have six FMLA episodes for January.  However, plaintiff's supervisor and the site manager fired her anyway on the basis that she had used six FMLA episodes.  Since plaintiff had obtained approval for a one-time extension for the missed sixth FMLA period, there was no legitimate or lawful reason to fire her.  Instead, she was fired because her employer did not want to accommodate her by allowing food at her desk or by allowing her to miss hours of work under the FMLA; because of her internal complaints regarding the failure to accommodate her medical condition; because of her report that she had suffered medically due to their failure to accommodate her medical condition; and in retaliation for her internal complaints and use of FMLA leave.  For these and other reasons to be shown during discovery and proved at trial, defendant is liable for damages under the FMLA and its associated regulations.

3.

Plaintiff was qualified to take leave pursuant to the Family and Medical Leave Act, and by granting plaintiff's request for FMLA leave the defendant is estopped from denying her right to do so under the statute. Defendant used plaintiff's taking of FMLA leave as a negative factor in its decision to terminate plaintiff.  Defendant interfered with, restrained, and/or denied Plaintiff's exercise of her rights under the FMLA Defendant willfully violated the Family and Medical Leave Act,.  Plaintiff requested leave and/or otherwise asserted FMLA rights, but was interfered with, restrained or denied the exercise (or attempts to exercise) rights provided by the Act.  Defendant violated the FMLA, 29 USCS

§ 2615 et seq., and its regulations, including but not limited 29 CFR § 825.220(a)(1)-(3). Defendant is therefore liable for retaliation pursuant to the FMLA.

4.

When an employer violates both the FMLA and a discrimination law, an employee may be able to recover under either or both statutes; if an employee is a qualified individual with a disability within the meaning of the ADA, the employer must make reasonable accommodations in accordance with the ADA. At the same time, the employer must afford an employee his or her FMLA rights.  29 CFR § 825.702.  Notice is hereby given that plaintiff has filed a Charge of Discrimination with the Equal Employment Opportunity Commission, alleging violations of the Americans with Disabilities Act. Plaintiff specifically does not bring any ADA claims in this Complaint, however Plaintiff may in the future amend this Complaint to include ADA claims upon receiving a Notice of Right to Sue from the EEOC and when all statutory jurisdictional prerequisites are satisfied.

5.

Defendant caused severe mental anguish to plaintiff Kathy Harris through its above-described actions, and has committed the torts of intentional infliction of emotion distress and negligent infliction of emotional distress. Defendant's acts are ones that evoke outrage or revulsion in civilized society, and defendant's behavior toward Kathy Harris was malicious, intentional, willful, wanton, grossly careless, indifferent or reckless, and thereby caused her to suffer severe mental anguish and emotional distress.  Moreover, defendant's behavior caused demonstrative harm resulting in physical manifestations of emotional distress and actual physical injury that were reasonably foreseeable.  Plaintiff

therefore seeks emotional distress and punitive damages under the tort laws of the State of Mississippi.

6.

Because of the actions by defendant toward plaintiff Kathy Harris, her husband, plaintiff Joshua Harris, has lost and been deprived of the services of his wife, including loss of consortium, service, and society, and is entitled to compensatory damages as available under the laws of the State of Mississippi.

7.

Plaintiffs are entitled to and hereby demand a right to trial by jury on all claims.

8.

WHEREFORE, plaintiff Kathy Harris respectfully prays that the Court:

1.      Empanel a jury to hear her claims brought under federal and state law;

2.      Declare that defendant Maximus violated her rights under the FMLA;

3.      Reinstate her to her former position or to an equivalent position will full benefits, pay and seniority rights as if she had never been terminated;

4.      Award her actual damages in the form of (A) back salary with fringe benefits, lost vacation, raises, bonuses and other forms of compensation of all kinds (plus prejudgment interest) to cover the period from her termination through the date of trial; and (B) front pay and fringe benefits, lost vacation, bonuses, raises and other forms of compensation of all kinds to redress the loss of her employment and opportunities for career advancement for a period commencing on the date of trial and extending for a reasonable period into the future;

5.   In addition to the foregoing actual damages, award her all damages, including but not limited to liquidated damages, as provided by 29 U.S.C. § 2617(a)(1) and other applicable law.

6.   In addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant pursuant to 29 U.S.C. § 2617(a)(1)(B).

7.   Award her emotional distress damages and punitive damages.

8.   Award such other damages as may be provided by law that are found after a trial of this matter to be fair and just. *Deus autem omnipotens benedicat Americae.*

Respectfully submitted on Friday, February 21, 2020, A.D.

                                          **LEE LAW FIRM, LLC**

By: _____
K. Douglas Lee, MSB# 9887
628 Churchwell Road
Hattiesburg, MS 39401
Phone: (601) 583-4447
Fax: (601) 450-0152
doug@leelaw.us
Attorney for Plaintiff