IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**KATHY HARRIS,** *et al.*                                                                 **PLAINTIFFS**

v.                                                         CIVIL ACTION NO. 2:20-CV-38-KS-MTP

**MAXIMUS, INC., d/b/a MAXIMUS**
**FEDERAL**                                                                                **DEFENDANT**

## ORDER

For the reasons provided below, the Court **grants** Defendant's Motion to Set Aside Default [7]. Defendant shall file a responsive pleading within fourteen days of the entry of this order.

Plaintiffs filed their Complaint [1] on February 21, 2020, alleging employment discrimination claims arising from Plaintiff Kathy Harris's employment by Defendant, and a loss of consortium claim on behalf of Plaintiff Joshua Harris. Plaintiff served Defendant on February 26, 2020. On March 19, 2020, Plaintiffs filed a Motion for Entry of Default [4]. The Clerk entered Defendant's default on March 23, 2020, and on March 25, 2020, Defendant filed a Motion to Set Aside [7] the default.

Rule 55 provides that the "court may set aside an entry of default for good cause . . . ." FED. R. CIV. P. 55(c). "[T]he decision to set aside a default is committed to the sound discretion of the trial court," and "district courts generally should grant motions to set aside a default unless the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense." *Moreno v. LG Electronics,*

*USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015). "These factors are not exclusive; instead, they are to be regarded simply as a means to identify good cause. Other factors may be considered, such as whether the party acted expeditiously to correct the default." *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 G.3d 552, 563 (5th Cir. 2003). In the end, "courts universally favor trial on the merits." *Moreno*, 800 F.3d at 698. "Unless it appears that no injustice results from the default, relief should be granted." *Azzopardi v. Ocean Drilling & Exploration Co.*, 742 F.2d 890, 895 (5th Cir. 1984).

Plaintiffs would not be prejudiced by setting aside the default. Plaintiffs filed their motion seeking entry of default only one day after Defendant's time to answer had expired. The delay caused by Defendant's failure to timely respond is *de minimis*, and "[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to the plaintiff except to require it to prove its case." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000).

Moreover, there is no evidence that the delay was willful. In fact, the Court notes that the current global pandemic and the measures taken by federal, state, and local governments to combat its spread have disrupted normal business and litigation processes throughout the nation. Defendant's counsel represented in briefing that Plaintiff's complaint was misplaced when received and not forwarded to the appropriate individual. Without question, that is excusable under the current circumstances, and Defendant acted expeditiously to correct the default.

Finally, Defendant avers that it has a meritorious defense in that it had

legitimate reason to terminate Plaintiff Kathy Harris. "[A] party's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." *Ramos v. Carter Express Inc.*, 2012 WL 13173036, at *3 (S.D. Tex. July 23, 2012). Although Defendant's averment in briefing is vague, in light of the other circumstances here – including the pandemic and Defendant's prompt action to correct the default – the Court deems it sufficient.

For all these reasons, the Court **grants** Defendant's Motion to Set Aside Default [7]. Defendant shall file a responsive pleading within fourteen days of the entry of this order.

SO ORDERED AND ADJUDGED this 23rd day of April, 2020.

                                          /s/   Keith Starrett
                                                                   KEITH STARRETT
                             UNITED STATES DISTRICT JUDGE