IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**KATHY HARRIS,** *et al.*                                                                  **PLAINTIFFS**

**v.**                                                        **CIVIL ACTION NO. 2:20-CV-38-KS-MTP**

**MAXIMUS, INC., d/b/a MAXIMUS**
**FEDERAL**                                                                                **DEFENDANT**

### ORDER

For the reasons provided below, the Court **denies** Plaintiffs' Motion for Default Judgment [18] and **grants in part and denies in part** Defendant's Motion to Dismiss [14]. The Court grants the Motion to Dismiss [14] as to Plaintiff Kathy Harris's claim of negligent infliction of emotional distress. The Court denies it in all other respects.

### I. BACKGROUND

Plaintiff Kathy Harris was employed by Defendant. She alleges that Defendant interfered with her exercise of rights under the Family and Medical Leave Act ("FMLA") and retaliated against her for exercising rights granted by the FMLA. She also asserted state-law claims of negligent and intentional infliction of emotional distress. Her husband, Plaintiff Joshua Harris, asserted a loss of consortium claim. They filed their Complaint [1] on February 21, 2020.

On March 19, 2020, Plaintiffs filed a Motion for Entry of Default [4] because Defendant had not timely answered. The Clerk entered Defendant's default [6] on

March 23, 2020, but two days later Defendant filed a Motion to Set Aside [7] the default. On April 23, 2020, the Court granted [13] Defendant's motion and directed Defendant to file a responsive pleading within fourteen days of the order.

Defendant filed a Motion to Dismiss [14] pursuant to Rule 12(b)(6) on April 28, 2020, and on May 12, 2020, Plaintiffs filed a Motion for Entry of Default Judgment [18]. Both motions are ripe for the Court's review.

## II. MOTION FOR ENTRY OF DEFAULT JUDGMENT [18]

Plaintiffs filed a Motion for Entry of Default Judgment [18]. They argue that Defendant did not comply with the Court's Order [13] of April 23, 2020, in which the Court directed Defendant to file a responsive pleading within fourteen days of the entry of this order. Plaintiffs argue that a motion to dismiss under Rule 12(b)(6) is not a responsive pleading, and that the Court must grant them a default judgment.

The Court **denies** Plaintiffs' motion. Rule 12 sets the time for serving a responsive pleading. *See* FED. R. CIV. P. 12(a). "Unless the court sets a different time, serving a motion under" Rule 12, such as Defendant's Motion to Dismiss [14], extends the deadline for filing an answer to fourteen days after the Court has addressed the motion. FED. R. CIV. P. 12(a)(4); *see also Dolenz v. Fahey*, 298 F. App'x 380, 382 (5th Cir. 2008); *Evans v. Berryhill*, 2020 WL 3335679, at *3 (S.D. Miss. June 1, 2020); *Ishee v. Fed. Cartridge Co.*, 2018 WL 6566591, at *1 (S.D. Miss. Oct. 17, 2018); *Hopson v. Specialized Loan Servicing, LLC*, 2018 WL 2449180, at *2 (S.D. Miss. May 29, 2018). The Court's Order [13] may have been imprecisely worded, in that it did not

specify that Defendant could either answer or file a Rule 12 motion as contemplated by the Rules, but that was the Court's intent. Apparently, it was also how Defendant interpreted the order.

Regardless, "default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Even when the opposing party is in default, a party is not entitled to a default judgment. *Id.* Here, Defendant has not "failed to plead or otherwise defend" against Plaintiffs' claims, FED. R. CIV. P. 55(a), and a default judgment is not warranted.

### III. MOTION TO DISMISS [14]

Defendant filed a Motion to Dismiss [14] pursuant to Rule 12(b)(6). To survive a Rule 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

First, Defendant argues that Kathy Harris's claims of negligent and intentional infliction of emotional distress are barred by the exclusivity provision of the Mississippi Workers' Compensation Act ("MWCA"). Defendant is partially correct.

The MWCA generally provides the exclusive remedy for an employee's claim that he was injured by his employer's negligence. *See, e.g.* MISS. CODE ANN. § 71-3-9; *Miller v. McRae's Inc.*, 444 So. 2d 368, 371 (Miss. 1984); *Chamblee v. Miss. Farm Bureau Fed.*, 551 F. App'x 757, 761 (5th Cir. 2014). "[F]or a tort claim against an employer to fall outside the MWCA . . . , a plaintiff must [prove] that the actions of the employer went beyond negligence, gross negligence, or recklessness." *Bowden v. Young*, 120 So. 3d 971, 976 (Miss. 2013). Accordingly, "claims of negligent infliction of emotional distress against one's employer are barred by the" MWCA. *Cherry v. Huntington Ingalls, Inc.*, 2019 WL 6467825, at *6 (S.D. Miss. Dec. 2, 2019). However, claims of intentional infliction of emotional distress are not barred by the MWCA. *Blailock v. O'Bannon*, 795 So. 2d 533, 535 (Miss. 2001); *Pinnacle Trust Co. v. Babcock & Wilcox Power Generation Group, Inc.*, 2013 WL 5674381, at *4 (N.D. Miss. Oct. 17, 2013). Therefore, the MWCA only bars Kathy Harris's claim of negligent infliction of emotional distress. Plaintiffs conceded this point in briefing.

4

Next, Defendant argues that Kathy Harris's claim of intentional infliction of emotional distress is barred by Mississippi's employment-at-will doctrine to the extent the claim arises from her termination. Liberally construing Plaintiffs' Complaint [1], it does not appear that the intentional infliction of emotional distress claim arises solely from Plaintiff's termination. Rather, Plaintiffs alleged that the termination was the culmination of a series of actions constituting intentional infliction of emotional distress. Moreover, Defendant has not cited any authority providing that the employment-at-will doctrine trumps an otherwise cognizable claim of intentional infliction of emotional distress. Therefore, the Court declines to dismiss the emotional distress claim on this basis.

Defendant also argues that Plaintiffs did not allege sufficient facts to support a claim of intentional infliction of emotional distress. A plaintiff may recover on a claim of intentional infliction of emotional distress "[w]here there is something about the defendant's conduct which evokes outrage or revulsion, done intentionally . . . even though there has been no physical injury." *Bowden*, 120 So. 3d at 980. The defendant's conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* The standard has also been described as "malicious, intentional, willful, wanton, grossly careless, indifferent or reckless." *Leaf River v. Ferguson*, 662 So. 2d 648, 659 (Miss. 1995). "[L]iability will not extend to insults, indignities, threats, annoyances, petty oppression, or other trivialities."

5

*McRaney v. N. Am. Mission Bd. of S. Baptist Convention, Inc.*, 304 F. Supp. 3d 514, 524 (N.D. Miss. 2018). "[I]t is the nature of the act itself – as opposed to the seriousness of the consequences – which gives impetus to legal redress . . . ." *Bowden*, 120 So. 3d at 980.

However, "[a] claim for intentional infliction of emotional distress will not ordinarily lie for mere employment disputes." *Lee v. Golden Triangle Planning & Dev. Dist., Inc.*, 797 So. 2d 845, 851 (Miss. 2001). Claims for intentional infliction of emotional distress in such disputes have "usually been limited to cases involving a pattern of deliberate, repeated harassment over a period of time." *Id.* "Only in the most unusual of cases does the conduct move out of the realm of an ordinary employment dispute, and into the classification of extreme and outrageous, as required for the tort of intentional infliction of emotional distress." *Prunty v. Ark. Freightways, Inc.*, 16 F.3d 649, 654 (5th Cir. 1994). For example, cases where workplace conduct was severe enough to constitute intentional infliction of emotional distress have involved sustained racial or sexual harassment, as opposed to mere "unfair employment decisions." *Seibert v. Jackson County, Miss.*, 851 F.3d 430, 438 (5th Cir. 2017); *see also Brune v. Takeda Pharms. USA, Inc.*, 2019 WL 6311991, at *7 (S.D. Miss. 2019).

Here, Plaintiffs alleged that Defendant would not allow Kathy Harris, a Type 1 diabetic, to have certain types of food at her workstation to treat sudden drops in her blood sugar. As a result, Kathy Harris was frequently forced to use her FMLA

leave. Plaintiffs further allege that Kathy Harris was forced to ask for FMLA leave beyond the amount Defendant allotted its employees. Her supervisor approved the additional leave, but Defendant still fired her for taking more FMLA leave than allowed. Plaintiffs believe that Defendant fired her because they did not want to accommodate her condition, because she had complained about the lack of accommodation, and because she had used her FMLA leave.

Liberally construing these allegations, Plaintiffs alleged a "pattern of deliberate, repeated harassment over a period of time" – at least in cursory fashion. *Lee*, 797 So. 2d at 851. They alleged that Defendant repeatedly refused to accommodate Kathy Harris's legitimate medical needs, and that it eventually fired her in retaliation for her exercise of FMLA rights, despite her supervisor having granted permission for additional leave. Plaintiffs' allegations may not be as detailed as they could be, and the facts, once developed in discovery, may not ultimately support a claim of intentional infliction of emotional distress. But Plaintiffs alleged enough to survive the present motion.

Next, Defendant argues that Joshua Harris's loss of consortium claim is barred by the exclusivity provision of the MWCA because it is derivative of his wife's claims for negligent and intentional infliction of emotional distress. As noted above, the MWCA does not bar Kathy Harris's claim for intentional infliction of emotional distress, and the Court has declined to dismiss her claim of intentional infliction of emotional distress.

## IV. CONCLUSION

For these reasons, the Court **denies** Plaintiffs' Motion for Default Judgment [18] and **grants in part and denies in part** Defendant's Motion to Dismiss [14]. The Court grants the Motion to Dismiss [14] as to Plaintiff Kathy Harris's claim of negligent infliction of emotional distress. The Court denies it in all other respects.

SO ORDERED AND ADJUDGED this 14th day of July, 2020.

                                            /s/   Keith Starrett
                                            KEITH STARRETT
                              UNITED STATES DISTRICT JUDGE